IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER ISAAC SIMMONS,

    Petitioner,                    No. CIV S-02-0794 DFL GGH P

    vs.

ANTHONY LAMARQUE, Warden,

    Respondent.                <u>ORDER</u>

_____/

        Petitioner has filed a response to this court's order, filed on June 30, 2005, directing petitioner who now proceeds pro se, to file a motion why different counsel should be appointed for him, "particularly in light of the fact that this matter is now submitted and no further briefing is due..." <u>See</u> <u>Order</u>, filed on June 30, 2005. Petitioner's prior appointed counsel's motion to withdraw was granted based on strategic differences between himself and petitioner and based on petitioner pro se's own request for new counsel.

        None of the reasons petitioner sets forth serve as an adequate basis for appointment of new counsel. Nor does he provide sufficient assurance that he would not find himself once again at odds with new counsel.

        Petitioner does not disavow the briefing submitted by his prior counsel on his behalf. He complains that his confidential mail has been destroyed and/or opened without cause

outside of his presence, that prison officials are retaliating against him and affecting his mental health, that he has unreasonably been denied transfer to a Level III facility for the last three years; that the institution wherein he is incarcerated has been on lockdown for long periods of time during which petitioner is denied access to legal research and materials; that he wishes to be transferred to be closer to his family; that he sought former counsel's assistance in securing a transfer for treatment for a medical condition.

Petitioner does not explain adequately why he requires further representation or library access with regard to a fully briefed and submitted habeas matter. The issues he raises as set forth above are issues related to conditions of confinement, properly pursued in an action under 42 U.S.C. § 1983.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Petitioner cannot piggyback his allegations as to the circumstances of his confinement onto a habeas petition challenging the validity of his conviction/sentence. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case in its current posture, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

\\\\\
\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's August 23, 2005 request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings; and

2. Petitioner's alternative request for an order requiring his transfer from Salinas Valley State Prison is denied.

DATED: 10/25/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
simm0794.110